IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 95-60549
Summary Calendar

————————————

TEODORO BARRERA-GARCIA,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION
SERVICE,

Respondent.

- - - - - - - - - -
Petition for Review of an Order of the
Board of Immigration Appeals
(A39 295 979)
- - - - - - - - - -

May 17, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Teodoro Barrera-Garcia, a Mexican citizen, petitions for review of the decision of the Board of Immigration Appeals (BIA). Barrera argues that the BIA failed to exercise independent judgment in reviewing the immigration judge's (IJ's) decision and abused its discretion by denying Barrera him a waiver of deportation pursuant to 8 U.S.C. § 1182(c), § 212(c) of the Immigration and Nationality Act (INA). The BIA exercised its

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

independent judgment in reviewing the denial of waiver and did not abuse its discretion in denying relief from deportation. See Ghassan v. INS, 972 F.2d 631, 635-36 (5th Cir. 1992); Diaz-Resendez v. INS, 960 F.2d 493, 495 (5th Cir. 1992).

Barrera also argues that one of the judges sitting on the BIA did not exercise impartial judgment because he was a junior judge to the immigration judge whose order the BIA was reviewing. Barrera presents nothing other than his dissatisfaction with the BIA's decision as evidence of the judge's bias. To the extent that Barrera is raising new arguments in his reply brief concerning due process and C.F.R. violations regarding this judicial-bias argument, Barrera is prohibited from raising such issues. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

The petition for review is DENIED.